IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

WARREN HRAGYIL,                )
                               )
        Plaintiff,             )
                               )
vs.                            )   Case No. 15-6015-CV-SJ-ODS
                               )
WALMART STORES EAST LP d/b/a   )
Walmart Store #2857 and        )
RONALD PERRYN,                 )
                               )
        Defendants.            )

ORDER AND OPINION REMANDING CASE FOR LACK OF JURISDICTION

    Defendants removed this case to federal court. As originally filed there is no federal jurisdiction because there are no federal questions presented and Plaintiff and one defendant (Ronald Perryn) are both citizens of Missouri. Defendants' Notice of Removal contended Perryn had been fraudulently joined so his citizenship could be disregarded. The Court directed Plaintiff to respond to this contention and allowed Defendants an opportunity to respond. Doc. # 3. The parties complied and thereafter Plaintiff filed an additional brief. The Court has considered the parties' arguments and concludes it lacks jurisdiction in this matter because Perryn has not been fraudulently joined. Therefore, the case must be remanded.

    Plaintiff alleges that he was a customer at a Walmart on October 5, 2013. Petition, ¶ 7. "While Plaintiff was entering Walmart, a shoplifting suspect, who had been stopped by defendant Perryn for questioning near an exit, fled the store and knocked Plaintiff to the ground." Petition, ¶ 8. Plaintiff alleges Perryn – a Walmart employee acting in the scope of his duties at the time – was negligent in that he "stopped a suspected shoplifter at or near the store's entrance/exit that was being used by store customers" and that Defendants knew or should have known "that an attempt to stop a suspected shoplifter near a high-traffic area where customers entered and exited the store would subject innocent customers, including Plaintiff, to an unreasonable risk of

injury." Petition, ¶¶ 12-13. Plaintiff asserts a single count of negligence against both Defendants.

As there are no federal issues in this case, jurisdiction exists if more than $75,000[1] is in controversy and there is complete diversity between the parties; that is, that no defendant is a citizen of a state where any plaintiff is a citizen. 28 U.S.C. § 1332. Defendants removed this case to federal court, so they bear the burden of demonstrating federal jurisdiction exists. E.g., 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)). Defendants attempt to meet this burden by contending the diversity destroying defendant – Perryn – was fraudulently joined. The Court concludes Perryn was not fraudulently joined.

The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811

---

[1] The Court doubts that more than $75,000 is in controversy, but the Court's holding regarding fraudulent joinder makes it unnecessary to examine this issue.

2

(citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406).

Defendants provide additional facts of their own in an effort to prove that Plaintiff's claim against Perryn is factually unsupported. Effectively, they ask the Court to evaluate the merits and resolve issues of fact in order to determine whether the Court has jurisdiction, which is not allowed. The Court can only resolve disputed issues if it has jurisdiction. Jurisdiction is about judicial power; without judicial power, the Court is not permitted to rule on the merits. Defendants' effort fails even if they characterize their position as seeking some sort of criminal-type preliminary hearing to determine whether Plaintiff has sufficient evidence to proceed because such a procedure does not exist in the civil context.

The Court must accept the facts alleged in the state-court petition as true. E.g., Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007). "Fraudulent joinder exists if, *on the face of plaintiff's state court pleadings*, no cause of action lies against the resident defendant." Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983) (emphasis supplied). To hold otherwise and entertain Defendants' argument would allow defendants to allege "fraudulent joinder" every time they can argue that the plaintiff's factual allegations are untrue. This places the cart before the horse: the Court must have jurisdiction *before* it can address (much less attempt to resolve) competing factual averments.

Defendants' videotape may justify a judgment on the merits, but that determination must come from a court having jurisdiction to enter such a judgment. For now, the Court is obliged to consider only the facts alleged in the Petition. Viewed in that light, the Court concludes Perryn was not fraudulently joined. Perryn and Plaintiff

3

are citizens of Missouri, so federal jurisdiction is lacking.  The case is remanded to the Circuit Court for Platte County, Missouri.

IT IS SO ORDERED.

DATE: March 31, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT